GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
WESLEY L. HSU (CA SBN 188015)
Assistant United States Attorney
Chief, Cyber and Intellectual Property Crimes Section
     12th Floor United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-8601
     E-mail:    Wesley.hsu@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>          Plaintiff,             )<br>                                 )<br>     v.                          )<br>                                 )<br> MICHAEL DAVID BARRETT,          )<br>   aka "Mark Bennett,"           )<br>   aka "handsfouryou,"           )<br>   aka "GOBLAZERS1,"             )<br>                                 )<br>          Defendant.             ) | No. CR 09-01215-R<br><br>JOINT REPORT REGARDING<br>DISCOVERY AND OTHER ISSUES<br><br>Trial Date: Jan. 12, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom of the<br>       Hon. Manuel L. Real |

Pursuant to paragraph 1.0 of the Court's Order Re: Discovery, Stipulations and Evidence in Criminal Cases, plaintiff the United States of America, by and through its counsel of record the United States Attorney, and defendant Michael David Barrett, by and through his counsel of record, David K. Willingham, file this joint report regarding their discovery conference:

(1) Pursuant to the Court's discovery order, counsel for the government produced copies of most of the available discovery to counsel for defendant on December 3, 2009. Additional discovery was produced on December 8, 2009. Also, the government has offered to make copies of the digital data seized from defendant, provided that defendant provide blank digital media to the government. All of the discovery has been made available to defense counsel for inspection.

(2) Pursuant to paragraph 1.2 of the Court's discovery order, the government has provided or will provide the following discovery and disclosures:

   (a) <u>Statement of Defendant.</u> Written summaries of defendant's oral statements have been provided to defense counsel. The defendant did not give testimony before a grand jury.

   (b) <u>Prior Record.</u> The government has disclosed defendant's prior criminal record.

   (c) <u>Documents and Tangible Objects.</u> The government has provided defendant with copies of most documents, papers, and photocopies of tangible objects associated with this case (over 2,000 pages to date). The government has offered to provide a digital copy of certain evidence. All documents, papers, and photocopies of tangible objects associated with this case have been made available to defense counsel for inspection. The government will supplement that

disclosure if additional books, papers, documents, or other tangible objects become known to the government.

(d) Results of Physical or Mental Examinations, Scientific Tests or Experiments. There is not yet a formal report for the results of the searches of the digital data seized from defendant. The government will promptly produce copies of the results of such tests as soon as they are completed.

(e) Expert Witnesses. The government anticipates that it may present, in its case-in-chief, expert testimony regarding forensic recovery of digital data from defendant's digital devices. The government will produce a written statement of the qualifications of any expert witnesses and a statement of the substance of expected expert testimony as soon as possible, in accordance with the Federal Rules of Criminal Procedure and this Court's Order.

(f) Electronic surveillance. The government is unaware of any electronic surveillance being conducted in the case.

(g) Informers. The government is unaware of any informants being involved in the investigation of this case.

(h) *Brady* material. The government has disclosed all material known to the government that is favorable to defendant or the absence thereof within the meaning of Brady and Giglio. If the government learns of any additional such material, it will promptly disclose such material.

3

1  (3)  Pursuant to paragraph 1.3 of the Court's discovery order,
2  defense counsel has disclosed the following:
3       (a)  <u>Expert Witnesses.</u>  The defense is unaware of any expert
4            witnesses in this case.  It will inform government
5            counsel promptly of any such defense if and when it is
6            identified.
7       (b)  <u>Scientific or Medical Reports.</u>  The defense is unaware
8            of any scientific or medical reports in this case.  It
9            will inform government counsel promptly of any such
10           defense if and when it is identified.
11      (c)  <u>Defense of Alibi.</u>  The defense is unaware of any alibi
12           defense in this case.  It will inform government
13           counsel promptly of any such defense if and when it is
14           identified.
15      (d)  <u>Defense Based on Mental Condition.</u>  The defense is
16           unaware of any mental condition defense in this case.
17           It will inform government counsel promptly of any such
18           defense if and when it is identified.
19      (e)  <u>Entrapment.</u>  The defense is unaware of any entrapment
20           defense in this case.  It will inform government
21           counsel promptly of any such defense if and when it is
22           identified.
23 (4)  Pursuant to paragraph 1.4 of the Court's discovery order,
24 the parties state the following:
25      (a)  <u>Foundational Objections.</u>  The parties are currently
26           unaware of any foundational objections to documentary
27           evidence already provided by the government.  Each
28           party reserves the right to make foundational

          objections at trial to evidence provided by the other party.

(5) Pursuant to paragraph 1.5 of the Court's discovery order, the parties further state as follows:

    (a) A conference regarding discovery was held pursuant to the Court's discovery order, but prior to that Court-ordered conference, the parties had conferred regarding discovery in this case multiple times.

    (b) The Court-ordered conference took place by telephone on November 30, 2009.

    (c) Assistant United States Attorney Wesley L. Hsu represented the government at the conference, and David K. Willingham represented the defendant at this conference.

    (d) <u>Evidentiary Objections.</u>  The parties are currently unaware of any foundational objections to documentary evidence already provided by the government.  Each party reserves the right to make foundational objections at trial to evidence provided by the other party.

    (e) <u>Disclosures of the Parties.</u>  The parties are currently satisfied with each party's disclosures.  The parties

//
//
//
//
//
//

5

reserve the right to raise objections to the adequacy of disclosure by either party at a later time.

Dated: December 10, 2009

Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

WESLEY L. HSU
Assistant United States Attorney
Chief, Cyber and Intellectual
Property Crimes Section

Attorneys for Plaintiff
United States of America

Dated: December 10, 2009

By e-mail authorization

DAVID K. WILLINGHAM
ANDREW ESBENSHADE
Caldwell, Leslie & Proctor PC

Attorneys for Defendant
MICHAEL DAVID BARRETT